# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1149V
Filed: April 25, 2018
UNPUBLISHED

| | |
|---|---|
| JEAN KUSIAK,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Paul S. Cantor*, Providence, R.I., for petitioner.
*Althea Walker Davis*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 15, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 4, 2013 influenza ("flu") vaccination. Petition at 1. On July 18, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 26).

  On April 4, 2018, petitioner filed a motion for leave to file attached petitioner's counsel's petition for fees out of time (ECF No. 30) and a motion for attorneys' fees and costs. (ECF No. 30-1). Petitioner requests attorneys' fees in the amount of $7,275.00 and attorneys' costs in the amount of $223.48. *Id.* at 6. In compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 31). Thus, the total amount requested is $7,498.48.

On April 17, 2018, respondent filed a response to petitioner's motion.  (ECF No. 33). Respondent states that in petitioner's motion, "[a]lthough the application is untimely under Vaccine Rule 13, respondent defers to the Chief Special Master as to whether petitioner should be denied an award of fees and costs on this basis." *Id.* at 2. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 2.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 3.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4.

On April 23, 2018, petitioner filed a reply.  (ECF No. 34).   Petitioner states that "she concurs with Respondent's Response and respectfully requests this Honorable Court consider Petitioner's Counsel's Petition for Fees out of time." *Id.* at 1.

Notwithstanding that petitioner's application for fees and costs is approximately 45 days out of time, the undersigned finds counsel's explanation for the delay (confusion regarding judgment versus election to accept judgment) to be reasonable in this instance and the delay was not protracted. *See, e.g. Turner v. Sec'y Health & Human Servs.*, No. 99-544, 2007 WL 4410030, at *13 (Fed. Cl. Spec. Mstr. Nov. 30, 2007)(awarding attorneys' fees and costs despite the application having been filed one month after the expiration of the 180 day deadline under Vaccine Rule 13); *but see also Verity v. Sec'y Health & Human Servs.*, No. 11-106V, 2017 WL 1709709 (Fed. Cl. Spec. Mstr. Mar. 13, 2017)(denying an application for attorneys' fees and costs filed nearly three years late and without a reasonable explanation for the failure to timely file).

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $7,498.48[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Paul S. Cantor.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.